IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-2978-JLK

LEONARD DEEMER,

      Plaintiff,

v.

BOARD FOR CORRECTION OF NAVAL RECORDS,

      Defendant.

_____

ORDER
_____

KANE, J.

      Navy Commander Leonard Deemer challenges a decision of the Board for

Correction of Naval Records ("BCNR") denying his records change request from

disability discharged to retired, in order to obtain retirement back pay. Commander

Deemer contends he became entitled to retirement benefits at age 60 despite having

elected a medical disability discharge from service before then, claiming, among other

things, that he had continued to serve after discharge in the Retired Reserve and had

elected to repay the disability severance pay he had received on his initial medical

discharge.  The BCNR disagreed, concluding his acceptance of a disability severance in

1990 rendered him ineligible for retirement pay, and denied his petition to correct his

record.

      Commander Deemer petitioned this court for review, arguing the BCNR

misinterpreted 10 U.S.C. §1213 and 10 U.S.C. §1414 on concurrent availability of VA and retirement benefits in his case and that its denial was therefore arbitrary and capricious.  The matter is before me on the government's Motion to Dismiss (Doc. 10), which argues I lack subject matter jurisdiction over a dispute for retirement pay that belongs exclusively in the Court of Federal Claims under the Tucker Act or, in the alternative, because Commander Deemer's claim fails on its merits under Fed. R. Civ. P. 12(b)(6).  I agree the matter belongs in the Court of Claims, and direct Commander Deemer to seek a transfer there.  I express no view on the merits of his claims under 10 U.S.C. § 1213 or 1414.

## FACTS AND PROCEDURAL HISTORY

The following facts are alleged in Plaintiff's Complaint and deemed true for purposes of this Motion.

While on active duty in 1984, Deemer was notified that his retirement eligibility date at age 60 would be in November 1996.  Six years before that date, at age 54, Commander Deemer elected a medical discharge with a 10% disability rating. He received disability severance pay in the amount of $98,942.40.  Since then, he claims his disability rating has increased to the current 90%.

In 1991, Commander Deemer asked the BCNR to correct his records to reflect a 30% disability rating, which the BCNR denied.  He then requested a transfer to the Retired Reserve,which request was granted by letter on September 16, 1991, effective February 1, 1991.  Commander Deemer subsequently qualified for disability benefits

from the VA, which began withholding amounts from those benefits to reimburse the disability severance he had received in 1990.

In 2007, Commander Deemer petitioned the BCNR to change his records to reflect that he was not discharged with disability severance pay in 1990, but was transferred to the inactive list with eligibility to receive retired pay when he turned 60. BCNR denied this request, stating that Deemer had accepted the lump sum instead of retirement benefits in 1990, and that the decision was "informed and well considered." The Board also noted the Concurrent Retirement and Disability Pay Act, 10 USC §1414, enacted in 2004, did not allow a "basis for correction" as the Act is not retrospective. BCNR declined Deemer's request to reconsider its decision by a letter dated December 5, 2008. Plaintiff filed this action on November 3, 2014, challenging BCNR's decision as involving an erroneous interpretation of the applicable military benefits statutes and seeking an "award [of] all damages to which he is entitled, including, but not limited to back due retirement pay" and the "continuation of full retirement benefits to [him] plus full VA benefits."

## DISCUSSION

BCNR alleges this court does not have subject matter jurisdiction and the case should be dismissed per Rule 12(b)(1), or alternatively, for failure to state a claim on which relief can be granted per Rule 12(b)(6). Deemer counters that there is jurisdiction under the Administrative Procedure Act.

Sovereign immunity generally protects the United States and its agencies from suit

when officers are acting in their official capacity. The defense is jurisdictional in nature.

*Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002). "General jurisdictional

statutes such as 28 U.S.C. § 1331 do not waive the Government's sovereign immunity,"

so a specific statute must be named to waive immunity and allow for jurisdiction. *Id.* In

this case, Plaintiff characterizes his claims as one for equitable, rather than purely

monetary,  relief and relies on the Administrative Procedure Act (APA), 5 U.S.C. § 702 to

establish subject matter jurisdiction.  Section 702 of the APA provides, in relevant part,

that:

> An action in a court of the United States seeking relief other than money
> damages and stating a claim that an agency or an officer or employee
> thereof acted or failed to act in an official capacity or under color of legal
> authority shall not be dismissed nor relief therein be denied on the ground
> that it is against the United States or that the United States is an
> indispensable party.

Commander Deemer overreaches.  The APA's sovereign immunity waiver is not

applicable when "any other statute that grants consent to suit expressly or impliedly

forbids the relief which is sought," *Robbins v. U.S. Bureau of Land Mgmt.*, 438 F.3d

1074, 1080 (10th Cir. 2006), and in this case, the Tucker Act applies and prohibits

Commander Deemer's suit in this court.  A party may not circumvent the Claims Court's

exclusive jurisdiction by framing a complaint in the district court as one seeking

injunctive, declaratory or mandatory relief where the thrust of the suit is to obtain money

from the United States.  *See Rogers v. Ink*, 766 F.2d 430, 434 (10th Cir. 1985).

The Tucker Act, 28 U.S.C. §§ 1346, 1491, vests exclusive jurisdiction in the Court

of Federal Claims over non-tort monetary claims against the United States exceeding $10,000, including claims, such as the one here, seeking to correct discharge classifications in military records in order to receive retirement pay. *Burkins v. United States,* 112 F.3d 444, 449-51 (10th Cir.1997)(action seeking change from honorable discharge to disability discharge for purposes of receiving disability retirement pay had to be filed in Court of Claims under Tucker Act).

The test for Tucker Act jurisdiction is whether plaintiff's "prime objective" or "essential purpose" is to recover money from the government, as opposed to some other form of relief. *Burkins*, 112 F.3d at 449. In this case, like in *Burkins*, the military veteran's primary objective is clearly the former. *See Complaint* (Doc. 1) at p. 5 (seeking "damages . . . including . . . back due retirement pay," "full retirement benefits," and "pre-judgment and post judgment interest"). *C.f. Burkins* at 450, n. 5 (distinguishing cases where military veterans filed suit in district court to upgrade discharge from undesirable or dishonorable to honorable, because such a change confers non-monetary benefits that may exceed any back-pay award). Because Cdr. Deemer's status change seeks no benefit other than additional retirement pay, the *Burkins*-recognized distinction does not apply.

Under *Burkins*, Commander Deemer's military correction claim properly belongs in the Court of Federal Claims. In its Motion to Dismiss, however, the government implies such a transfer would be futile because Deemer was aware of the facts that give rise to his claim more than 18 years ago, far beyond the applicable statute of limitations. Because I lack jurisdiction over the matter entirely, I do not address that issue, but leave it

5

for Commander Deemer to consider in determining whether and how to proceed.

ORDERED that Defendant's Motion to Dismiss (Doc. 10) is GRANTED in part and DENIED in part.  This Court lacks jurisdiction to consider Plaintiff's military status change claim in that it seeks monetary relief that is within the Court of Federal Claims exclusive jurisdiction under the Tucker Act.  Because I am without jurisdiction to consider the claim, Defendant's Motion is DENIED with respect to its statute of limitations and Rule 12(b)(6) defenses.  Commander Deemer shall have 20 days, or until July 20, 2015, to request a transfer to the Court of Federal Claims.  Failing a timely request, this matter shall be deemed closed and may be terminated without further order of the court.

Dated June 30, 2015.

**s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE